[No. 5349.]
[No. 2998 C. A.]

### The Cripple Creek Tunnel, Transportation & Mining Company v. Marshall, Admr.

Appellate Practice—Principal and Agent—Evidence of Agency—Conflict—Finding Not Disturbed on Appeal.

In an action for work and labor performed by plaintiff's intestate and three others, the defendant claimed that the agency of the person employing them had expired prior to such employment. Evidence reviewed, and held sufficient to sustain the finding that such agency had not so terminated.—P. 127.

*Appeal from the District Court of Teller County.*
*Hon. Louis B. Cunningham, Judge.*

Action by Fred Marshall, as administrator for Walter Marshall, deceased, against The Cripple Creek Tunnel, Transportation & Mining Company, to recover for work and labor performed. From a judgment for plaintiff, defendant appeals.

*Affirmed.*

Messrs. Champion & Blunt, for appellant.

Mr. C. E. Brady, for appellee.

Mr. JUSTICE GODDARD delivered the opinion of the court:

This is an action to recover for work and labor performed by plaintiff's intestate and three others for the appellant, defendant below, in what is known as the Standard tunnel upon the property of the appellant. The services were performed during the months of August, September and October, A. D. 1898, under an employment by one E. L. White, and consisted in running a drift in said tunnel, and work upon the machinery, track, and other property belonging to the company.

The ground upon which appellant relies to escape liability is that White was not authorized to employ the men in behalf of the company to do this work at the time they were employed, although he was theretofore the authorized and acting representative of the company in the management of its property, claiming that his agency was terminated in the month of February preceding.

The evidence as to when his agency terminated is conflicting. Mr. Wallace, the president of the company, testified that in February, 1898, he, White, was discharged by the company. Mr. White testified that he was not discharged at that time but that he continued to act as agent in the management of, and was in charge of the company's property, as its agent, during the months aforesaid and until December, 1898.

There is evidence tending to corroborate Mr. White's testimony. In these circumstances the finding of the court below must be accepted by us as conclusive upon this controlling question of fact, and its judgment must be affirmed.            *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.